UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HERNANDEZ OLVERA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No.: 1:13-cv-00515 - JLT<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY<br><br>(Doc. 13) |

　　Counsel for Defendant Commissioner of Social Security requests a stay in this action "until Congress has restored appropriations." (Doc. 13). As counsel notes, "the Appropriations Act that had been funding the Department of Justice expired and appropriations to the Department lapsed" on September 30, 2013. (Doc. 13 at 1). As a result, "Department of Justice attorneys and employees of the Social Security Administration are prohibited from working, even on a voluntary basis, except in very limited circumstances, including 'emergencies involving the safety of human life or the protection of property.'" *Id.* at 2 (quoting 31 U.S.C. § 1342).

　　The Supreme Court explained the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). To evaluate whether to stay an action, the Court must the weigh competing interests that will be affected by the grant or refusal to grant a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Among

1

these competing interests are: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.* (citing *Landis*, 299 U.S. at 254-55)).

The party seeking a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). The Supreme Court explained, "If there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255. The decision whether to grant or deny a stay is committed to the Court's discretion. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Defendant was served with the complaint in this action on June 26, 2013. (Doc. 11). Pursuant to the Court's scheduling order, Defendant is to file the administrative record within 120 days of the date of service of the complaint, or no later than October 24, 2013. (*See* Doc. 9-1 at 2). However, counsel for Defendant is precluded from working on this action "until Congress has restored appropriations to both the Department of Justice and Social Security Administration." (Doc. 13 at 2). Plaintiff's counsel, Mr. Shapiro, does not oppose the entry of a stay. *Id.* Thus, it does not appear Plaintiff would suffer any damage upon the entry of a stay, and Defendant has set forth "a clear case of hardship" with the inability to file the administrative record, which serves as Defendant's answer.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Defendant's motion to stay (Doc. 13) is **GRANTED**;
2. The matter is **STAYED** pending a resolution from Congress; and
3. Defendant **SHALL** file a status report <u>within seven days</u> of the restoration of funding to the Department of Justice and Social Security Administration.

IT IS SO ORDERED.

Dated:   **October 10, 2013**              */s/ Jennifer L. Thurston*
                                            UNITED STATES MAGISTRATE JUDGE